# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**MICHAEL FARIS**                                                                           **PLAINTIFF**

**v.**                                                     **No. 3:22-cv-23-BJB**

**CENTERS FOR DISEASE CONTROL & PREVENTION, ET AL.**                           **DEFENDANTS**

## ORDER

Pro se plaintiff Michael Faris sued several airlines and government actors based on their requirement that flyers like Faris wear masks in connection with the federal "mask mandate." The Airline Defendants, he alleged, wronged him in several ways, including by engaging in a conspiracy to interfere with his civil rights in violation of 42 U.S.C. §§ 1985(3) and 1986. Faris later moved to add 15 individual defendants, all employees of the Airline Defendants. DN 65. In response, the Airline Defendants characterized as frivolous the motion to add the individual defendants—and moved for an award of attorneys' fees under § 1988. DN 67.

Meanwhile, another district court issued a nationwide injunction against the mandate, which remains enjoined during appellate proceedings in the Eleventh Circuit. Given that the mandate no longer affected Faris, the Court denied as moot Faris's motion for a preliminary injunction and granted the defendants' request to stay the case pending the Eleventh Circuit's decision (and any further Executive Branch action). DNs 120, 122. The Airline Defendants' attorneys' fees motion, however, remains ripe.

Section 1988 "grants a district court the discretion to award reasonable attorney's fees to the prevailing party" in §§ 1985 and 1986 actions. *Kidis v. Reid*, 976 F.3d 708, 720 (6th Cir. 2020). A court may award a defendant attorneys' fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 721–22 (quotations omitted). But "awarding attorney fees against a nonprevailing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 635 (6th Cir. 2009) (quotations omitted).

Given that extremely high standard, and the limited state of the current record, awarding fees at this time is unwarranted. So the Court denies the motion for attorneys' fees without prejudice. If the Airline Defendants—presumably after

the stay in this case is lifted—continue to maintain that the circumstances surrounding the motion for leave to add defendants amount to truly egregious misconduct, they may refile their motion.

Benjamin Beaton, District Judge
United States District Court

February 15, 2023