UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **MICHAEL FARIS** | **PLAINTIFF** |
| v. | No. 3:22-cv-23-BJB |
| **CENTERS FOR DISEASE CONTROL & PREVENTION, ET AL.** | **DEFENDANTS** |

### OPINION & ORDER REGARDING MOOTNESS

During the pandemic, business traveler Michael Faris filed this pro se lawsuit against the Centers for Disease Control & Prevention, the Department of Health & Human Services, and several airlines. He sought to permanently enjoin Covid-related "mask mandates" and recover money from the airlines for conspiring to violate his civil rights.

While this case proceeded, a federal court in Florida vacated the CDC's mask mandate, 86 Fed. Reg. 8025-01 (Feb. 3, 2021), on the ground that it violated the Administrative Procedure Act. *See Health Freedom Defense Fund, Inc. v. Biden*, 599 F. Supp. 3d 1144, 1178 (M.D. Fla. 2022). Given the nationwide scope of the relief ordered in Florida, Faris no longer had to wear a mask in order to travel in this district and this Court stayed his case pending the government's appeal in the Eleventh Circuit. DN 122. In May 2023, while that appeal was pending, the Secretary of Health and Human Services' declaration of a public-health emergency expired. So the Eleventh Circuit held that the appeal was moot because the court no longer had the "ability to provide meaningful relief" with respect to the mandate. *Health Freedom Defense Fund v. President of the United States*, 71 F.4th 888, 891 (11th Cir. 2023). The CDC's mandate "no longer exists"—and the court of appeals had "no reasonable basis" to "expect the Mandate will be reinstated." *Id.* at 891, 892.

The Eleventh Circuit's ruling addressed a request for injunctive and declaratory relief against the federal government only. *Id.* at 891–92. This case, by contrast, involves a 185-page complaint against at least 7 public and private defendants requesting (among many other things) damages from the Airline Defendants. Is this dispute, like the Florida case, rendered illusory based on the expiration of the mandate? "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 843 F. App'x 707, 709 (6th Cir.

2021) (quoting *Already, LLC v. Nike*, 568 U.S. 85, 91 (2013)). With respect to injunctive relief, at least, "voluntary cessation will moot a case when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur." *Id.* at 709–10 (cleaned up) (quotations omitted). In that situation "it becomes 'impossible for the court to grant' meaningful relief, [so] there is no longer a case or controversy" and the court "must dismiss the case as moot." *Radiant Glob. Logistics, Inc. v. Furstenau*, 951 F.3d 393, 396 (6th Cir. 2020) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

***Federal Defendants.*** Faris concedes that all but one of his "prayers for relief" against the Federal Defendants are moot. *See* Faris Response (DN 128) at 5 (admitting "Prayers for Relief A … and B" are moot). He is right—and the defendants unsurprisingly agree. No court can "vacate" a rule that no longer exists. *Cf. Health Freedom Defense Fund*, 71 F.4th at 891; *see also Trump v. Hawaii*, 138 S. Ct. 377 (2017).

Faris argues, however, that his request for "a permanent injunction that Defendants CDC and HHS shall not issue any other orders requiring any person wear a face mask unless such specific authority is enacted into law by Congress" isn't moot. Complaint (DN 1) at 175 (prayer for relief "C"). According to Faris, he seeks a "permanent injunction," rather than "vacatur," so his case is still live because it "would ensure a future [mask mandate] can't be enforced against me." Faris Response at 6–7.

How does the possibility that public-health officials might revive Covid mask mandates injure Faris? And how would any effect differ from that addressed by his concededly moot request for a permanent injunction against the previous mask mandate? Faris doesn't really say—but then again neither do the Federal Defendants. Their response cites a string of cases in which plaintiffs have voluntarily dismissed their suits after the Eleventh Circuit's decision, *see* DN 127 at 2, and others in which litigants have "concurred with the Federal Defendants' assessment that these challenges are moot," *id.* at 3. Those citations are odd: whether plaintiffs in other cases have voluntarily stopped litigating their claims says little if anything about whether this Court should dismiss this plaintiff's claim against his wishes.

Regardless, Faris's remaining claim against the Federal Defendants is indeed moot. As the Eleventh Circuit stated: "By its own terms, the Mandate expired after the HHS Secretary declared that the public health emergency has ended …." *Health Freedom Defense Fund*, 71 F.4th at 892. And "nothing in the text of the Mandate suggests it can be revived after its expiration, and there is not a grain of evidence that the CDC has any plans to promulgate an identical mandate." *Id.*[1] That Faris's

---

[1] Faris's response did not invoke the "capable of repetition yet evading review" exception to mootness. Even if he had, it wouldn't apply. That exception requires a "challenged action

papers ask for a "permanent injunction" against the enforcement of "any other orders" akin to the mask mandate—rather than a "vacatur" of the mandate itself—does not change anything. He has offered no reasonable basis to expect the Federal Defendants to "issue another nationwide mask mandate for all conveyances and transportation hubs." *Health Freedom Defense Fund*, 71 F.4th at 893. And to the extent any such concern can be found in the record here, it would be "speculative at best." *Id.* So Faris's request is moot to the extent it seeks to enjoin the revival of federal Covid mask mandates.

This broad request, however, could potentially be read more broadly still—as a request for an injunction against *any* future federal mask mandate based on an interpretation of current statutory authority not to authorize anything of the sort. Faris seeks "a permanent injunction that Defendants CDC and HHS shall not issue any other orders requiring any person wear a face mask unless such specific authority is enacted into law by Congress." Complaint at 175. To the extent this is the sort of order Faris seeks, his request for an injunction against hypothetical future public-health mandates wouldn't be moot; if anything it would be unripe.

But this claim would easily fail on other justiciability grounds as well. Because the existence of such a regulation is purely theoretical, so too is any imaginable injury it might cause Faris. Plaintiffs lack standing when the "theory of injury rests on a tenuous chain of impermissible speculation and assumption." *Firearms Policy Coal., Inc. v. Barr*, 419 F. Supp. 3d 118, 123 (D.D.C. 2019), *aff'd sub nom. Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 19-5304, 2020 WL 6580046 (D.C. Cir. Oct. 30, 2020); *see also id.* at 125 ("Any purported injury is based on a hypothetical vacancy in a hypothetical office wherein a hypothetical acting officer promulgates some hypothetical future regulation."). Faris's concern regarding future public-health mandates falls far shy of the "actual or imminent" injury necessary for standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (quotations omitted). So whether on mootness or standing grounds, Faris's claims against the Federal Defendants fail, and the Court dismisses them from the case.

---

… too short in duration for the parties to fully litigate it before it becomes moot" and "a reasonable expectation that the same complaining party will be subject to the same action again." *Thompson v. DeWine*, 7 F.4th 521, 525 (6th Cir. 2021) (quotations omitted). Our nation's recent experience with mask-mandate litigation calls into question the first prong. And as to the second, "'a mere physical or theoretical possibility' that the events prompting the suit will come back is not enough." *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 1982)). That's all Faris has—not a present injury, but only a fear based on the theoretical possibility that the Federal Defendants will reimpose a mask mandate. And "conjectures of future harms like these do not establish a reasonable expectation that a mask mandate from the CDC will reissue." *Health Freedom Defense Fund*, 71 F.4th at 893.

***Airline Defendants.*** Faris also seeks money damages for past injuries he says the airlines caused him while the mask mandates remained in effect. Faris's "[d]amages claims are retrospective in nature," seeking "compensate[ion] for past harm," so they "cannot be moot" in this circumstance. *Ermold v. Davis*, 855 F.3d 715, 719 (6th Cir. 2017) (quotation marks omitted). The Airline Defendants, however, may move to dismiss those claims (or refile their past motions to that effect). *See* DN 122 (denying motions with leave to refile if necessary).

Whether Faris's equitable claims are moot is less obvious.[2] As with the Federal Defendants, he seeks numerous injunctions barring the imposition or enforcement of future masking requirements. And these Airline Defendants' post-Eleventh Circuit briefs add little clarity; the filings are devoid of any legal or factual citations demonstrating that Faris's claims are moot. *See* DN 125, 131. Faris's complaint spans 833 paragraphs, 37 purported causes of action, and many more "prayers for relief." But the Airline Defendants don't identify which aspects of Faris's complaint are moot (or why). *See* DN 125 (appearing to argue that all Faris's claims—even for damages—are moot). And their contention that Faris "has not demonstrated that his claims are not moot," DN 131 at 1, has things backwards: in the voluntary-cessation context[3] defendants rather than plaintiffs carry the "'heavy burden' of making 'absolutely clear'" that "the allegedly wrongful behavior could not reasonably be expected to occur again." *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 457 n.1 (2017) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

Some of Faris's numerous and far-flung equitable claims do seem to address conduct that is "not reasonably … expected to occur again." *Id.* He seeks various forms of injunctive relief from privately enforced masking requirements, for example, which the Airline Defendants say were imposed on flyers only because of public orders requiring them to do so. Certainly nothing in the record suggests large airlines are itching to once again cover the faces of Faris and millions of other flyers who've ditched masks—and to do so unilaterally. Given that the government mandate compelling private carriers to do so "no longer exists," *Health Freedom Defense Fund*,

---

[2] Faris does, however, "concede" that "three Prayers for Relief against the Airline Defendants are most likely moot and probably can be dismissed." DN 128 at 4. They include prayers for relief "M," "DD," and "EE." Because he has "no objection to dismissing" these claims, the Court dismisses them as waived. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[A] defendant *waives* an argument by … stating that a proposition is not disputed." (quotation marks omitted).

[3] The Airline Defendants contend they didn't voluntarily stop enforcing the mask mandate—they just followed whatever regulation was in effect at the time. *See* DN 125 at 2. But that factual contention doesn't address the legal question whether the plaintiff or defendant bears the burden of proof regarding voluntary cessation.

71 F.4th at 891, the Court has little doubt that the Airline Defendants are right with respect to many and perhaps all of the claims for injunctive relief. But the reasons why aren't clear from the papers—and would be essential to an order dismissing Faris's claims on mootness or other grounds.

Faris also filed a "motion to open discovery from Airline Defendants." DN 129 (cleaned up). The Airline Defendants oppose this because the Court has yet to rule on their (apparently imminent) dispositive motion—which, if granted, would obviate the need for potential burdensome discovery. *See* DN 133 at 3–5. "[I]t is within the trial court's broad discretion in managing discovery" to determine whether "discovery should be stayed pending a ruling" on a motion to dismiss. *Hyers v. Wells Fargo Bank*, No. 3:20-cv-351, 2020 WL 12968510, at *1 (W.D. Ky. Aug. 17, 2020). The discovery Faris seeks, *see* DN 129 at 2–3, would impose an "onerous" rather than a "minimal burden" on the Airline Defendants, *Hyers*, 2020 WL 12968510, at *1. Because that "burden of proceeding with discovery" outweighs any "hardship that would be worked by a denial of discovery" pending a ruling on a dispositive motion, *id.*, the Court denies Faris's motion for discovery.

## **ORDER**

The Court dismisses Faris's claims against the Federal Defendants as moot or otherwise nonjusticiable; dismisses requests M, DD, and EE as waived; and denies Faris's motion for discovery (DN 129). As to the undismissed claims, the Court orders the Airline Defendants, within 30 days, to file any motions to dismiss them as moot or for failure to state a claim. In the absence of a motion, the Airline Defendants must file a status report regarding these remaining claims.