UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**MICHAEL FARIS**                                                                                    **PLAINTIFF**

v.                                                                                    No. 3:22-cv-23-BJB

**CENTERS FOR DISEASE CONTROL &**                                                    **DEFENDANTS**
**PREVENTION, ET AL.**

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

As discussed in the Court's earlier partial-dismissal order (DN 145), this case concerns Michael Faris's allegations that several commercial airlines discriminated against him when they enforced the federal transportation mask mandate during the Covid pandemic. Earlier rulings resolved most of Faris's claims, but two remain: one under California's Unruh Act, and another under the federal Rehabilitation Act. Because the pleadings, even taken as true, do not plausibly allege intentional discrimination under the Unruh Act or exclusion or failure to accommodate *solely* because of disability under the Rehabilitation Act, the Court grants the Airline Defendants' motion for judgment on the pleadings.

**I. Faris's Allegations**

According to the complaint, whose non-conclusory allegations the Court accepts as true at this stage, Faris is a Kentucky resident who travels frequently for work. Complaint (DN 1) at 5. He has an anxiety disorder that makes wearing a mask difficult at best, sometimes causing him to become dizzy or faint. *Id.* at 10–12.

The remaining defendants are American Airlines, JetBlue Airways, Southwest Airlines, Spirit Airlines, and United Airlines—previously dubbed Airline Defendants, to distinguish them from the Governmental Defendants originally sued but since dismissed, *see* Partial Dismissal Order at 22. Between February 2021 and April 2022, the Centers for Disease Control and Prevention required persons traveling on "any conveyance," including commercial aircraft, to wear a mask, and directed "operators of conveyances and transportation hubs," such as the Airline Defendants, to use their "best efforts" to enforce that requirement. *See Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025, 8026 (2021) ("mask mandate"); Complaint at 3–4, 18–21 (describing the timeline of federal regulatory action). The mandate contemplated medical exceptions and required

1

airlines to implement procedures to evaluate exemption requests. Mask Mandate at 8027–28 & n.8.

The Airline Defendants required advance notice of exemption requests, imposed test-based alternatives for those seeking exemptions, and sometimes refused to accept documentation at the gate. Because Faris's work required him to often book flights shortly before travel, he says he could not comply with those procedures. DN 1 at 145.

The Airline Defendants now move for judgment on the pleadings (DN 168). Faris opposes that motion and filed a motion to strike (DN 169) of his own.[1]

**II. Standard for Judgment on the Pleadings**

Rule 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). The standard mirrors the familiar Rule 12(b)(6) framework. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). And as with Rule 12(b)(6), the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To withstand a Rule 12(c) challenge, the complaint must allege enough non-conclusory facts that, if accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because Faris is *pro se*, the Court construes his filings liberally, but he must still provide factual allegations that support each claim.

**III. The Unruh Act**

The California Unruh Civil Rights Act guarantees "full and equal accommodations, advantages, facilities, privileges or services in all business establishments." CAL. CIV. CODE § 51(b) (West 2025). The Court previously declined

---

[1] Faris contends that the Airline Defendants' Rule 12(c) motion is nothing more than a "repackaging [of] prior arguments" that the Court rejected at the motion-to-dismiss stage, and should now be struck as redundant. *See* DN 169 at 2–4; DN 171 at 2–4. But Rule 12(c) permits a party to seek judgment on the pleadings once the pleadings are closed, so long as doing so will not delay trial. FED. R. CIV. P. 12(c). And that a Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion does not, by itself, bar a party from filing one after the answer. *See Gibson v. Mortgage Elec. Registration Sys.*, 23 F. Supp. 3d 895, 911 n.45 (W.D. Tenn. 2014) (citing *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1131 (6th Cir. 1990) ("the untimeliness of the motion is no bar to the dismissal of [a] suit" where the motion is well-supported and the Defendant failed to "articulate a basis for any prejudice caused by the delay")).

to dismiss Faris's Unruh Act claim on preemption, standing, or jurisdictional grounds, in part because Faris alleges that he scheduled some flights in and out of California. *See* Partial Dismissal Order at 7–10, 16–19. This time, the Airline Defendants argue that Faris has failed to allege the necessary elements of a claim under the Unruh Act—an argument that they did not press in their motion to dismiss. *Id.* at 16. To state a claim under the Unruh Act, a plaintiff must show: (1) the defendant denied full and equal accommodations; (2) a substantial motivating reason for the defendant's conduct was the plaintiff's disability; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the harm. Judicial Council of California Civil Jury Instructions No. 3060; *see James v. U.S. Bancorp*, No. 5:18-cv-01762, 2021 WL 4582105, at *6–7 (C.D. Cal. June 4, 2021).[2]

The Airline Defendants train their fire primarily on the second element. Faris, they contend, never "allege[s] that his claimed disability—*i.e.,* inability to wear a mask—was a motivation the Airline Defendants possessed" when they enforced the mask mandate. Motion for Judgement on the Pleadings at 9.

Indeed, Faris's complaint doesn't allege any facts indicating the targeting of persons with disabilities. Rather, the pleadings describe *non*-discriminatory enforcement: the Airline Defendants required "every passenger obstruct our breathing" by wearing masks. Complaint at 5. And although Faris argues that this policy burdens people unable to wear masks, disparate impact alone cannot support an Unruh Act claim. *Duronslet v. City of Los Angeles*, 266 F. Supp. 3d 1213, 1217 (C.D. Cal. 2017); *Turner v. Association of Am. Med. Colls.*, 167 Cal. App. 4th 1401, 1408 (2008). Instead, the Act "requires a showing of willful, affirmative misconduct" and does not presume discriminatory intent based on the "*effects* of a facially neutral policy on a particular group." *Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 853–54 (2005) (emphasis in original).

Moreover, Faris's own complaint points to accommodations that likewise belie any inference of intentional discrimination. For example, flight attendants allowed him to remain unmasked after he fainted, the airlines granted exemptions when requesters could provide a negative Covid test, and pilots were exempt altogether. Complaint at 15, 73, 149. Although Faris alleges that these accommodations were sometimes unavailable to him—because he often booked flights at the last minute—

---

[2] California Civil Code § 51(f) provides that a violation of the federal Americans with Disabilities Act constitutes a *per se* violation of the Unruh Civil Rights Act. But that federal law expressly excludes air carriers from its coverage. *See* 42 U.S.C. §§ 12181(10), 12184. Discrimination by airlines instead falls under the Air Carrier Access Act, and the Court has already dismissed Faris's claims under that law. Because there is no viable predicate violation under either federal act, Faris must proceed, if at all, under an independent Unruh Act theory that requires intentional discrimination rather than a *per se* showing.

he alleges nothing to connect any accommodation denial to intentional disability discrimination.

True, Faris further alleges that at least one airline banned him and others canceled his tickets "because [he] demanded a mask exemption." Complaint at 144. But he does not allege any facts suggesting that these decisions were motivated by discriminatory animus rather than enforcement of the mask mandate. And a refusal to grant an exemption is not itself intentional discrimination—at least not without additional facts showing that the refusal was tied to a disability. *See Koebke*, 36 Cal. 4th at 854.

On that score, Faris offers only the conclusory allegations that the Airline Defendants were motivated by "a class-based, invidiously discriminatory animus resulting in an unfounded, ridiculous fear" that unmasked disabled travelers "are somehow a grave danger." Complaint at 133. As the Airline Defendants argue, that isn't enough. DN 168 at 11 (Faris's allegations "lac[k] any facts to demonstrate that the Airline Defendants' employees were motivated by anything other than to comply with the [federal transportation mask mandate]"). The complaint provides no supporting facts such as statements, comparators, or actions by specific airline personnel, to infer otherwise.

Because Faris has not alleged willful or intentional discrimination, his Unruh Act claim fails.

### IV. The Rehabilitation Act

Section 504 of the Rehabilitation Act prohibits entities that receive federal financial assistance from discriminating "solely by reason of" disability. 29 U.S.C. § 794(a). Courts analyze Rehabilitation Act and Americans with Disabilities Act claims under the same basic framework—with the Rehabilitation Act's only additional element being a requirement that the defendant receive federal financial assistance. *Gati v. Western Kentucky Univ.*, 762 F. App'x 246, 250 (6th Cir. 2019); *see also Mote v. City of Chelsea*, 284 F. Supp. 3d 863, 874 (E.D. Mich. 2018) ("Section 504 of the Rehabilitation Act parallels the command of the ADA concerning accessibility to public facilities for persons with disabilities, but it applies only to 'any program or activity receiving Federal financial assistance.'") (quoting *Babcock v. Michigan*, 812 F.3d 531, 540 (6th Cir. 2016)). When the claim concerns access to services, a plaintiff must show intentional exclusion, deliberate refusal to accommodate, or a denial of meaningful access. *Alexander v. Choate*, 469 U.S. 287, 292–97 (1985). The Airline Defendants previously (and unsuccessfully) moved to dismiss this claim on the ground that they received no federal funding, and not on any of the other grounds asserted in their pending Rule 12(c) motion. *See* Partial Dismissal Order at 19 n.8.

Read charitably, Faris alleges that the Airline Defendants failed to accommodate his disability by enforcing exemption procedures he could not meet. To state such a failure-to-accommodate claim, Faris must plausibly allege that (1) he has a disability, (2) he is otherwise qualified, (3) he was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of his disability. *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).[3] He also must show that the defendant refused a reasonable accommodation after being put on notice of the disability. *See Tchankpa v. Ascena Retail Grp.*, 951 F.3d 805, 812 (6th Cir. 2020).

The same factual allegations that undermine the Unruh Act claim also undermine the Rehabilitation Act claim. Faris has not plausibly alleged that Airline Defendants excluded him, denied him benefits, or otherwise discriminated against him "solely by reason of" his disability. As described above, nothing in the complaint or his filings indicates that Airline Defendants denied him access *because of* his disability, as opposed to enforcing a facially neutral federal mandate. The Airline Defendants argue that all passengers were subject to the same rule: under the mask mandate, all passengers were required to wear a mask unless they obtained a lawful exemption. DN 168 at 9. Neither the complaint nor Faris's subsequent filings (DNs 169 & 171) plausibly allege that Airline Defendants enforced their exemption procedures in a way that targeted passengers with disabilities or singled out Faris because of his disability. *See Choate*, 469 U.S. at 302–09 (Section 504 does not bar facially neutral policies that afford disabled individuals meaningfully the same access as others); *Jones v. City of Monroe*, 341 F.3d 474, 480–81 (6th Cir. 2003) (difficulty complying with standard, neutral municipal procedures did not amount to exclusion because of disability).

Although Faris claims the Airline Defendants applied their exemption process in a discriminatory way, he offers no facts indicating discriminatory motive, disparate treatment, or refusal to consider disability-based requests. Instead, he describes standard exemption procedures—such as advance-approval timelines or documentation requirements—and alleges that he could not meet these deadlines because his employer required him to book travel on short notice. Complaint at 145. Administrative burdens or timing issues, without more, do not support a reasonable

---

[3] Faris must further allege that the Airline Defendants received federal financial assistance. 29 U.S.C. § 794(a). The Airline Defendants characterize the "federal financial assistance" determination as essential to this Court's subject-matter jurisdiction. *See* DN 170 at 2–3. But as the Court held once before, Partial Dismissal Order at 18–21, that's a merits question: whether the airlines receive assistance is an element of a Rehabilitation Act claim, not a jurisdictional requirement. *See Doe v. Salvation Army in the United States*, 685 F.3d 564, 567–69 (6th Cir. 2012).

inference that Airline Defendants acted *because of* Faris's disability rather than neutral, uniform procedures. *See Choate*, 469 U.S. at 302–09 (explaining that § 504 prohibits policies that deny disabled individuals meaningful access to a public benefit; upholding a facially neutral hospital-day limit because it afforded disabled beneficiaries the same meaningful access as others). And Faris's own explanation—that he could not comply due to employer-driven timing constraints—does not satisfy the Rehabilitation Act's requirement of exclusion "solely by reason of" disability. *See Jones*, 341 F.3d at 480–81.

As for whether the Airline Defendants denied Faris a reasonable accommodation, he must at least allege the requested accommodation, the Airline Defendants' refusal to provide it, and a causal connection between the denial and disability. *See Tchankpa*, 951 F.3d at 812. But Faris does not even allege that he requested an accommodation, much less denial or causation.

Because the complaint does not plausibly allege exclusion or failure to accommodate "solely by reason" of disability, the Rehabilitation Act claim fails, regardless of whether Faris could show that Airline Defendants receive federal funding.

## Conclusion

Because Faris has not plausibly alleged intentional discrimination under the Unruh Act or exclusion or unequal treatment "solely by reason" of disability under the Rehabilitation Act, the complaint fails to state a claim and the Court grants the Airline Defendants' motion for judgment on the pleadings (DN 168). The Court further denies as moot Faris's motion to strike (DN 169).

Benjamin Beaton, District Judge
United States District Court

February 24, 2026

6