UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL FARIS                                                        PLAINTIFF

v.                                                          No. 3:22-cv-23-BJB

CENTERS FOR DISEASE CONTROL &                    DEFENDANTS
PREVENTION, ET AL.

* * * * *

## MEMORANDUM OPINION AND ORDER

More than four years ago, Michael Faris sued the CDC, the Department of Health and Human Services, and five airlines. His *pro se* complaint alleged that enforcement of a Covid-era federal airline mask mandate violated several federal and state laws. Complaint (DN 1). Since then, this Court has resolved a request for a preliminary injunction, DN 122, two motions to dismiss, DN 135 and 145, and a motion for judgment on the pleadings, DN 173. That last decision granted the remaining Defendants judgment on Faris's remaining claims: under California's Unruh Act and Section 504 of the federal Rehabilitation Act. DN 173 at 6.

Before the Court entered final judgment, Faris moved for leave to amend his complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure. DN 174. As he acknowledges, this proposed amendment "does not add new parties and is based on the same underlying events and occurrences set forth in the original Complaint." *Id.* at 2. It instead purports to "clarify factual allegations, add additional factual support, clarify injuries and damages, and assert additional state law claims where appropriate." *Id.* at 1–2. Yet this proposed amendment largely retells the same old story—albeit repackaged with new claims of negligence, intentional infliction of emotional distress, and a Kentucky Civil Rights Act violation. DN 174-1 at 18–25.

After a defendant has filed a responsive pleading to an initial complaint—which in this case happened long ago—a plaintiff "may amend [his] pleading only with the opposing party's written consent or with the court's leave." FED. R. CIV. P. 15(a)(2). None of the opposing parties have consented. *See* Opposition to Plaintiff's Motion (DN 175) at 1. So an amended complaint would demand leave of court. Which, according to Rule 15(a)(2), should follow "when justice so requires."

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

1

opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers*, 427 F.3d 996, 1001 (6th Cir. 2005). As for timeliness, Faris filed his motion for leave more than four years after his initial complaint and after all his previous claims arising from the same incident had been litigated to dismissal or judgment. He offers no explanation why any facts were previously unavailable, why this amendment would cure any past deficiency, or why he otherwise couldn't have raised these additional state-law claims sooner.

The proposed amendment is also futile. That is, "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Institute v. Medical Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). As discussed above, Faris's federal claims, breach-of-contract claim, and California Unruh Act claim have already failed to withstand Rule 12 motions. *See* DNs 135, 145, 173. Nothing suggests they would fare better the second time around. As for his new state-law claims, Faris provides no reason to think that they wouldn't fall victim to the same federal preemption that doomed several of his previous state tort claims. *See* DN 145 at 9–10, 12–14.

And in any event, his undue delay in filing would cause significant prejudice to the defendants, who would have to litigate anew claims that could (and in some respects did) arrive more than four years ago. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("undue prejudice to the opposing party" supported denying leave to amend); *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999) ("allowing amendment after the close of discovery creates significant prejudice"). True, the defendants had notice long ago—so surprise is not the concern, but prejudicial delay is.

The Federal Rules' generally liberal policy toward amendment doesn't translate to reconsideration. Plaintiffs don't get an extra "bite at the apple," at least not without some good reason. *Commercial Money Center v. Illinois Union Ins.*, 508 F.3d 327, 346 (6th Cir. 2007) (citation omitted). Certainly not after the grant of a motion for judgment on the pleadings. As the Defendants note, Faris hasn't sought leave to alter or amend the judgment under Rules 59 or 60, which offer specific and narrow paths to revisiting a final judgment. Nothing suggests Rule 15 maps some roundabout route to the backdoor. *Cf. Parklane Hosiery v. Shore*, 439 U.S. 322, 330 (1979) (collateral estoppel may bar efforts to "test the water" with some claims before raising others). True, by the time Faris filed the Court hadn't yet entered judgment in a separate document under Rule 58(a). But the age and history of this just-ended litigation belies any notion that Faris could—without a very, very good reason—hit restart by repleading under Rule 15.

The Court therefore denies Faris's motion for leave to amend. DN 174.